FILED

December 2 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0339

DA 14-0339

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 319N

GERALDINE (JERRI) GERTSON,

        Plaintiff and Appellee,

   v.

JAY R. NASH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDV-13-162
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Douglas W. Marshall, Marshall Law Office, P.C., Bozeman, Montana

        For Appellee:

        Greg A. Luinstra, Luinstra & Young, PLLC, Great Falls, Montana

Submitted on Briefs: November 6, 2014
Decided: December 2, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jay Nash appeals from the District Court's order granting summary judgment in favor of Geraldine Gertson.  We affirm.

¶3     This case arises out of what the District Court characterized as a "rather bizarre transaction," the apparent intent of which (at least as to Gertson) was that Nash would sell a house for her.  Rather than just doing so, however, in August 2011 Nash had Gertson deed the house to him.  He executed a promissory note in favor of Gertson for $305,000; prepared a mortgage on the house securing the note; and executed a deed transferring the house back to Gertson.  The promissory note, however, provided that Nash's obligation under it was "null and void" unless the house sold by September 30, 2011, for at least $290,900.  The mortgage securing the note was not recorded but the deed transferring the house to Nash was.  The deed transferring the house back to Gertson cannot be located.

¶4     Not surprisingly, the house did not sell by the time and for the amount specified in the promissory note, but Nash sold it in July 2012 for $259,520.  Nash paid Gertson $40,000 at some point after September 2011, but has not paid her anything else on the

transaction. Nash contends that because he did not sell Gertson's house according to the conditions in the note, he owes nothing on the note. Nash later claimed that he and Gertson agreed to invest her proceeds from the house into a radio station, which may or may not be a going concern and may or may not have any actual value. He claimed that documents evidencing that investment were lost in a fire. While he also claimed that several individuals could substantiate the radio station investment he never produced testimony or affidavits from any of them. The result of all this was that Gertson started with a house worth approximately $260,000 which she entrusted to Nash to sell for her, and realized a single payment of $40,000.

¶5 Gertson sued Nash for the balance due from the sale of the house. Nash appeared by answer and counterclaimed, alleging causes of action against Gertson for bad faith breach of contract, negligence, "common law bad faith," and breach of fiduciary duty. He prayed that Gertson take nothing from her complaint; that he be awarded costs and attorney fees, and that he be awarded "general, special and punitive damages." Gertson moved for summary judgment and the District Court granted Gertson's motion.

¶6 The District Court found that Nash was obligated to Gertson on the note, and that by paying Gertson $40,000 he had waived the conditions in the note that purportedly nullified his obligation. *Collection Bureau Services v. Morrow*, 2004 MT 84, 320 Mont. 478, 87 P.3d 1024. The District Court further found that Nash's contention that Gertson agreed to invest the proceeds from her house into a radio station did not create a genuine issue of material fact precluding summary judgment. Nash simply asserted that Gertson's money went into the radio station. He failed to produce any documents

3

regarding the radio station or Gertson's purported investment in it, claiming they were destroyed by a fire, and failed to produce any affidavit from any of the several persons he identified as witnesses to the transaction. The District Court correctly concluded that Nash failed to carry his obligation opposing summary judgment to set forth specific facts and not merely conclusory, speculative, or fanciful statements. *Heibert v. Cascade County*, 2002 MT 233, ¶ 21, 311 Mont. 471, 56 P.3d 848. Nash's assertions that he used Gertson's money to invest in a radio station were unsupported and were conclusory, speculative, and fanciful.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. This case is controlled by settled Montana law that the District Court correctly applied, properly granting summary judgment to Gertson.

¶8 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA

4